IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-01450-WDM-MJW

M2M DATA CORPORATION,

   Plaintiff,

v.

IMPLICIT MONITORING SOLUTIONS, L.P. d/b/a Metrix Networks, Inc.,

   Defendant.

## ORDER OF REMAND

Miller, J.

This case is before me on the notice of removal filed by Defendant. Defendant removed this case to this Court on July 10, 2007, on the basis of diversity jurisdiction. 28 U.S.C. § 1332. However, because Defendant has failed to demonstrate that the amount in controversy in this case exceeds $75,000, I cannot find that the requirements of diversity jurisdiction are met.

In a removed case, a defendant's claim that the amount in controversy meets the jurisdictional requirement of section 1332 does not enjoy a presumption of accuracy. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001). The amount in controversy is determined by the allegations of the complaint or, if the complaint is not dispositive, by the allegations in the notice of removal. *Id.* at 1290. Where the plaintiff's complaint does not specify damages, the party requesting removal must establish the jurisdictional amount by at least a preponderance of the evidence. *Id.* at

1290.  A bald assertion is not sufficient to meet this burden.  Rather, the party requesting removal must "set forth, in the notice of removal itself, the *underlying facts* supporting" the claimed amount in controversy.  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (emphasis in original; internal quotation and alteration omitted); *see also Okla. Farm Bureau Mut. Ins. Co.*, 149 F. App'x 775, 778 (10th Cir. 2005) (finding an assertion of $1,000,000 in a notice of removal was insufficient because it was unsupported).

In this case, Plaintiff's complaint does not allege a specified amount of damages, and Defendant's notice of removal merely alleges that the amount in controversy is in excess of $2,000,000 without any explanation as to how it arrived at this figure.  Since Defendant's allegation alone is insufficient, remand is appropriate.

Accordingly, it is ordered that this case is remanded to the District Court, Arapahoe County, Colorado.

DATED at Denver, Colorado, on August 9, 2007.

                                                BY THE COURT:

                                                s/ Walker D. Miller
                                                United States District Judge